79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey KNISLEY, Plaintiff-Appellant,
v.
DAVE DONALDSON & ASSOCIATES, INC., Defendant-Appellee.
 No. 94-1794.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1996.
 
 Before: SILER and DAUGHTREY, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 In this diversity action, plaintiff Jeffrey Knisley appeals the district court's order granting summary judgment to the defendant, Donaldson & Associates, his former employer. In his complaint, Knisley alleged that his termination from his position at Donaldson & Associates constituted a breach of contract, and he also sought damages on the basis of promissory estoppel and unjust enrichment. We find no error in the district court's judgment, and we therefore affirm.
 
 
 2
 The opinion filed by the district judge in this case sets out the facts in detail, and they need not be reiterated at any length here. Knisley had been an in-house salesperson with the Crosman Corporation for some six years when that company decided to use outside manufacturers' representatives rather than inside sales personnel. Crosman gave Knisley the option of representing its line as an independent manufacturer's representative in a four-state geographical area or taking the line to an acceptable established firm. As a result, Knisley went to work for Donaldson & Associates, where he was to receive an annual salary of $60,000 plus an unspecified annual bonus, which was the same economic package as the other partners in the Donaldson firm had, other than Mr. Donaldson himself. In return, Knisley brought the Crosman account to the Donaldson firm, for which he received a $2,000 "signing bonus." Crosman Corporation and Donaldson & Associates agreed that Crosman could unilaterally terminate the arrangement on 30 days notice.
 
 
 3
 Thirteen months after Knisley went to work for Donaldson & Associates, he was terminated due to inadequate performance and "personality conflicts." During his tenure with the Donaldson firm, Knisley had sold some $4 million worth of Crosman products, yielding commissions of approximately $200,000. The record reflects, however, that Donaldson's overhead expenses ran approximately 50 percent of its gross receipts. Despite his request to the contrary, Crosman Corporation maintained its account with Donaldson & Associates after Knisley's departure.
 
 
 4
 Knisley subsequently filed suit against Donaldson & Associates, alleging multiple grounds for recovery of damages under Michigan law, including breach of contract, promissory estoppel, and unjust enrichment. He alleged that he was orally promised that "in exchange for Plaintiff's causing Crosman to appoint Donaldson & Associates as its representative in the four state area, Plaintiff would be permanently employed and would receive a one-sixth interest in Donaldson Associates." Instead, Knisley alleged, the defendant, Donaldson & Associates, had received the benefit of the bargain and he, Knisley, had not.
 
 
 5
 Donaldson & Associates denied that it had promised Knisley a one-sixth interest in the company, pointing out that under Michigan law, employment is presumptively "at will" and noting that there was nothing in writing to indicate the existence of an employment contract with Knisley. The defendant further contended that Knisley's attempts to secure partnership status had been rebuffed and pointed out that the existing "partners" at Donaldson & Associates were themselves "employees at will," who could be discharged "for any reason" upon 30 days notice and a unanimous vote of the remaining partners. Lastly, the defendant argued that delivery of the Crosman account was not a benefit conferred by Knisley because Crosman retained the right to approve Knisley's initial recommendation and to sever the relationship with Donaldson & Associates unilaterally.
 
 
 6
 In a full and well-reasoned opinion, the district court determined that the legal presumption that the plaintiff remained terminable at will had not been rebutted by enough evidence to create a genuine issue of fact on the breach of contract count. The district court further found that there was no evidence that Donaldson & Associates had ever promised not to fire Knisley and that there was likewise insufficient evidence that the defendant breached a promise to the plaintiff. Finally, the district court found that the plaintiff had failed to prove that the defendant was being unjustly enriched by its retention of the Crosman line, given the relative value of that portion of its sales business and the amount of compensation received by Knisley for his efforts in conjunction with the Crosman account. We find the reasoning of the district court in reaching these conclusions to be wholly supported by Michigan law and adopt the district court's analysis in reaching our determination that summary judgment in the defendant's favor was justified by the record in this case.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Hon. Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation